IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATINUKE ISOLA, ) | |
| ) | |
| Plaintiff, ) | Case No: |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| AGEOPTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Atinuke Isola ("Plaintiff"), individually, by and through her attorneys, Di Monte & Lizak, LLC, and complains against Defendant, AgeOptions, Inc. ("Defendant"), as follows:

## INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000d *et. seq*.), as amended by the Pregnancy Discrimination Act ("PDA") of 1978; the Illinois Human Rights Act ("IHRA"); and the Americans with Disabilities Act of 1990, as amended, ("ADAAA" - 42 U.S.C. § 12101, *et. seq*.). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages and equitable relief as set forth herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a citizen of the Northern District of Illinois, Eastern Division.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of Plaintiff's state law claims for violations of the IHRA because such claims arise out of the same common nucleus of operative facts as her federal claims asserted herein.

## PARTIES

6. Plaintiff is an African American female residing in the State of Illinois within this district.

7. Plaintiff is hearing and speech impaired.

8. Plaintiff's hearing and speech impairments are disabilities because each is a physical impairment that substantially limits one or more major life activities, including the major life activities of speaking and hearing.

9. Plaintiff's hearing and speech impairments are determinable physical characteristics resulting from disease, injury, congenital condition of birth, or functional disorder and that did not impact Plaintiff's ability to perform the essential functions of her job.

10. Defendant is an Illinois corporation with its principal place of business in Illinois at the following address: 1048 Lake Street, Suite 300, Oak Park, Illinois 60301. At all times

2

relevant, Defendant is authorized to do business in the State of Illinois and is doing business in the State of Illinois.

11. At all times relevant, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

12. Plaintiff began working for Defendant on or about October 21, 2019, as a Nutrition Engagement Specialist.

13. Immediately prior to her starting her employment at Defendant, Plaintiff learned that she was pregnant.

14. Plaintiff at all times met Defendant's reasonable performance expectations.

15. Plaintiff's direct supervisor was Dr. Paul H. Bennet ("Dr. Bennet"), Respondent's Manager of Community Initiatives. Dr. Bennet is a Caucasian male.

16. On or about October 21, 2019, during Plaintiff's orientation meeting with Defendant's Human Resources Department, Plaintiff became dizzy and suffered nausea – common pregnancy symptoms.

17. After the meeting, Dr. Bennett asked Plaintiff "Do you have a medical condition we need to be aware of?". In response to this question, Complainant disclosed to Dr. Bennett that she was pregnant.

18. Dr. Bennett was immediately hostile to Plaintiff's pregnancy and questioned why she had not disclosed her pregnancy earlier. He also asked her several questions about her personal life and her pregnancy, including asking her if she intended to marry her fiancé. Dr. Bennett further repeatedly interrogated Plaintiff about her due date.

19. On or about November 11, 2019, Dr. Bennett once again expressed disappointment regarding Plaintiff's pregnancy, stating, "I am shocked you didn't tell us during your interview that you would be gone [on maternity leave]."

20. On or about November 19, 2019, Dr. Bennett handed Complainant a "work flow" document and proceeded to read it out loud to her, insinuating and assuming that her disability precluded her from being able to actually read English. Complainant responded, "I can read it and ask questions – I am hearing impaired with a speech impediment, it is easier for me to read versus look at a person's lips to understand what they are saying." Dr. Bennett then continued reading the entire document to Complainant out loud.

21. On or about November 19, 2019, Plaintiff formally complained to Defendant's Human Resources department regarding Dr. Bennett's inappropriate behavior. Plaintiff complained that Dr. Bennett constantly inquired into her pregnancy and asked very personal questions regarding her pregnancy in front of other employees, and that Dr. Bennett made derogatory comments regarding Plaintiff's disabilities.

22. Despite Plaintiff's complaint, Dr. Bennett's inappropriate behavior persisted. For example, Dr. Bennett continued to ask Plaintiff if she "actually liked" working for Defendant. Plaintiff responded positively to Dr. Bennett's questions. When Dr. Bennett asked about whether she liked her position, Plaintiff told him that he made her feel uncomfortable by asking her whether she liked her job.

23. On or about December 23, 2019, Plaintiff complained a second time to Human Resources and to Kim McCahill ("McCahill"), Defendant's Director of Planning, Grants & Program Development. Plaintiff complained that she felt that Dr. Bennett was being disrespectful toward her based on her pregnancy and disabilities.

4

24. On or about December 23, 2019, Plaintiff met with Dr. Bennett to discuss her 45-day performance goals. During the meeting, Plaintiff asked Dr. Bennett if her pregnancy was a problem for him. Dr. Bennett responded, "Yes, and you need to communicate better in order for me to trust you." Plaintiff asked Dr. Benett, "you are upset that I did not tell you I was pregnant before my interview?" and Dr. Bennett responded, "don't you think you should have let me know? Are you happy here? Do you want to work for me?"

25. Immediately following the conversation with Dr. Bennett on December 23, 2019, Plaintiff emailed Defendant's Human Resources Department again and complained about her interactions with Dr. Bennett.

26. On or about December 27, 2019, Plaintiff again met with Defendant's Human Resources Department and explained that she was being subjected to abuse and harassment due to her pregnancy and disabilities.

27. On or about December 30, 2019, three (3) days after Plaintiff complained about Dr. Bennett's harassment and discriminatory behavior toward her based on her pregnancy and disabilities, Dr. Bennett informed Plaintiff that Defendant had decided to solicit applications for a Program Engagement Specialist position. The Program Engagement Specialist position was a job essentially identical to Plaintiff's position in all material aspects.

28. On or about January 27, 2020, Defendant hired Eileen Flores ("Flores") to replace Plaintiff. Ms. Flores is a non-African American, non-disabled and non-pregnant female. Ms. Flores performed all the same job duties and responsibilities as Plaintiff and took over almost all of Plaintiff's work.

29. Also on January 27, 2020, Plaintiff met with Dr. Bennett, McCahill, and Defendant's Human Resources Department to discuss the complaints that she had previously made to Defendant.

30. Plaintiff was on pregnancy leave from February 2020 until May 2020.

31. On or about August 19, 2020, approximately two months after Plaintiff returned from her pregnancy leave, Defendant abruptly terminated Plaintiff's employment.

32. Defendant stated the reason for Plaintiff's termination was position elimination due to lack of sufficient work. However, Defendant had previously removed Plaintiff's work responsibilities and Plaintiff's position was the only position to be eliminated.

33. When Plaintiff asked if she could apply to other open positions with Defendant, Defendant's Human Resources Department told her that would not be possible because she was not qualified for any other position, and Defendant refused to offer even limited training to Plaintiff so that she could work in other positions.

34. Defendant transferred all of Plaintiff's work to Ms. Flores and ultimately terminated Plaintiff's employment.

## COUNT I
### Violations of Title VII/PDA and Illinois Human Rights Act
### PREGNANCY DISCRIMINATION

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff is an African American female. Plaintiff was pregnant from approximately June 2019 through March 2020.

37. Plaintiff was qualified for the job she held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

38. Despite Plaintiff's qualifications and job performance, she was discriminated against by Defendant because she was pregnant.

39. Defendant's discrimination against Plaintiff was intentional.

40. On or about August 19, 2020, Defendant terminated Plaintiff's employment.

41. Defendant stated that the reason for Plaintiff's termination was position elimination due to lack of sufficient work, but Defendant had previously removed Plaintiff's work responsibilities based on her pregnancy and Plaintiff's position was the only position to be eliminated.

42. Defendant discriminated against Plaintiff in the terms and conditions of employment in that she was stripped of her job duties and terminated.

43. Similarly situated non-pregnant employees, including Flores, were not subjected to the same terms and conditions of employment as Plaintiff.

44. Defendant's reason for taking away Plaintiff's job duties and terminating Plaintiff is false and merely pretext for illegal discrimination.

45. Defendant's actions, as described above, are in violation of Title VII, the PDA, and the IHRA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her pregnancy.

46. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against Defendant as follows:

A. Awarding compensatory damages to Plaintiff and against Defendant in an amount to be determined at trial;

B. Awarding punitive damages in favor of Plaintiff and against Defendant in an amount to be determined at trial;

C. Awarding Plaintiff pre-judgment and post-judgment interest;

D. Awarding Plaintiff her attorneys' fees, costs, and other expenses incurred in this action; and

E. Granting Plaintiff such additional relief as this Court deems appropriate.

## COUNT II
### Violations of Title VII/PDA and the Illinois Human Rights Act
### RETALIATION BASED ON PREGNANCY

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff is an African American female. Plaintiff was pregnant from approximately June 2019 through March 2020.

49. Plaintiff complained to Defendant regarding discrimination on the basis of her pregnancy on November 19, 2019, December 23, 2019, December 27, 2019, and January 27, 2020.

50. Defendant removed Plaintiff's job duties and terminated Plaintiff's employment in retaliation for Plaintiff complaining about pregnancy discrimination.

51. There is a causal connection between Plaintiff's protected activity and Defendant's retaliatory actions.

52. Defendant's reason for removing Plaintiff's job duties and terminating Plaintiff is false and merely pretext for illegal retaliation.

53. Defendant's actions, as described above, are in violation of Title VII, the PDA, and the IHRA, as the Defendant has engaged in acts of retaliation because of Plaintiff's engagement in protected activities.

54. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against Defendant as follows:

A. Awarding compensatory damages to Plaintiff and against Defendant in an amount to be determined at trial;

B. Awarding punitive damages in favor of Plaintiff and against Defendant in an amount to be determined at trial;

C. Awarding Plaintiff pre-judgment and post-judgment interest;

D. Awarding Plaintiff her attorneys' fees, costs, and other expenses incurred in this action; and

E. Granting Plaintiff such additional relief as this Court deems appropriate.

## COUNT III
### Violations of Title VII and Illinois Human Rights Act
### DISCRIMINATION BASED ON RACE

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. Plaintiff is an African American female.

57. Plaintiff was qualified for the job she held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

58. Despite Plaintiff's qualifications and job performance, she was discriminated against by Defendant because of her race, African American.

59. Defendant's discrimination against Plaintiff was intentional.

60. On or about August 19, 2020, Defendant terminated Plaintiff's employment.

61. Defendant stated that the reason for Plaintiff's termination was position elimination due to lack of sufficient work, but Defendant had previously removed Plaintiff's work responsibilities and Plaintiff's position was the only position to be eliminated.

62. Defendant discriminated against Plaintiff in the terms and conditions of employment in that she was stripped of her job duties and terminated.

63. Similarly situated non-African American employees, including Flores, were not subjected to the same terms and conditions of employment as Plaintiff.

64. Defendant's reason for taking away Plaintiff's job duties and terminating Plaintiff is false and merely pretext for illegal discrimination.

65. Defendant's actions, as described above, are in violation of Title VII and the IHRA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her race, African American.

66. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against Defendant as follows:

A. Awarding compensatory damages to Plaintiff and against Defendant in an amount to be determined at trial;

B. Awarding punitive damages in favor of Plaintiff and against Defendant in an amount to be determined at trial;

C. Awarding Plaintiff pre-judgment and post-judgment interest;

D. Awarding Plaintiff her attorneys' fees, costs, and other expenses incurred in this action; and

E. Granting Plaintiff such additional relief as this Court deems appropriate.

## COUNT IV
### Violations of ADAAA and the Illinois Human Rights Act
### DISABILITY DISCRIMINATION

67. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

68. Plaintiff is disabled because she has a speech and a hearing impairment that substantially limit one or more major life activities, including the major life activities of speaking and hearing.

69. Plaintiff was qualified for the job she held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

70. Despite Plaintiff's qualifications and job performance, she was discriminated against by Defendant because of her disabilities.

71. Defendant's discrimination against Plaintiff was intentional.

72. On or about August 19, 2020, Defendant terminated Plaintiff's employment.

73. Defendant stated that the reason for Plaintiff's termination was position elimination due to lack of sufficient work, but Defendant had previously removed Plaintiff's work responsibilities and Plaintiff's position was the only position to be eliminated.

74. Defendant discriminated against Plaintiff in the terms and conditions of employment in that she was stripped of her job duties and terminated.

75. Similarly situated non-disabled employees, including Flores, were not subjected to the same terms and conditions of employment as Plaintiff.

76. Defendant's reason for taking away Plaintiff's job duties and terminating Plaintiff is false and merely pretext for illegal discrimination.

77. Defendant's actions, as described above, are in violation of ADAAA and the IHRA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her disabilities.

78. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against Defendant as follows:

A. Awarding compensatory damages to Plaintiff and against Defendant in an amount to be determined at trial;

B. Awarding punitive damages in favor of Plaintiff and against Defendant in an amount to be determined at trial;

C. Awarding Plaintiff pre-judgment and post-judgment interest;

D. Awarding Plaintiff her attorneys' fees, costs, and other expenses incurred in this action; and

E. Granting Plaintiff such additional relief as this Court deems appropriate.

## COUNT V
## Violations of ADAAA and the Illinois Human Rights Act
## RETALIATION BASED ON PLAINTIFF'S DISABILITY

79. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

80. Plaintiff is disabled because she has a speech and a hearing impairment that substantially limit one or more major life activities, including the major life activities of speaking and hearing.

81. Plaintiff complained to Defendant regarding discrimination on the basis of her disabilities on or about November 19, 2019, December 23, 2019, December 27, 2019, and January 27, 2020.

82. Defendant removed Plaintiff's job duties and terminated Plaintiff's employment in retaliation for Plaintiff complaining about disability discrimination.

83. There is a causal connection between Plaintiff's protected activity and Defendant's retaliatory actions.

84. Defendant's reason for removing Plaintiff's job duties and terminating Plaintiff is false and merely pretext for illegal retaliation.

85. Defendant's actions, as described above, are in violation of the ADAAA and the IHRA, as the Defendant has engaged in acts of retaliation because of Plaintiff's engagement in protected activities.

86. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against Defendant as follows:

A. Awarding compensatory damages to Plaintiff and against Defendant in an amount to be determined at trial;

B. Awarding punitive damages in favor of Plaintiff and against Defendant in an amount to be determined at trial;

C. Awarding Plaintiff pre-judgment and post-judgment interest;

D. Awarding Plaintiff her attorneys' fees, costs, and other expenses incurred in this action; and

E. Granting Plaintiff such additional relief as this Court deems appropriate.

14

Dated: October 22, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　ATINUKE ISOLA

　　　　　　　　　　　　　　　　　　　　　/s/ Jonathan R. Ksiazek
　　　　　　　　　　　　　　　　　　　　　　One of her attorneys

Riccardo A. DiMonte
Jonathan R. Ksiazek
Di Monte & Lizak LLC
216 W. Higgins Road
Park Ridge, IL 60068
Phone: 847-698-9600
Fax: 847-698-9623
rdimonte@dimontelaw.com
jksiazek@dimontelaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Jonathan R. Ksiazek
　　　　　　　　　　　　　　　　　　　　　Jonathan R. Ksiazek
　　　　　　　　　　　　　　　　　　　　　Di Monte & Lizak LLC
　　　　　　　　　　　　　　　　　　　　　216 W. Higgins Road
　　　　　　　　　　　　　　　　　　　　　Park Ridge, IL 60068
　　　　　　　　　　　　　　　　　　　　　Phone: 847-698-9600
　　　　　　　　　　　　　　　　　　　　　Fax: 847-698-9623
　　　　　　　　　　　　　　　　　　　　　jksiazek@dimontelaw.com